NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SHARIF WILLIAMS, | No. C 10-01221 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| PELICAN BAY MEDICAL STAFF, et al., | |
| Defendants. | |

Plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP"), filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 6), will be addressed in a separate order.

**DISCUSSION**

A.   28 U.S.C. § 1915A(a) Screening

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

1  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may
2  be granted or seek monetary relief from a defendant who is immune from such relief.  See id.
3  § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.
4  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
5       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
6  elements: (1) that a right secured by the Constitution or laws of the United States was
7  violated, and (2) that the alleged violation was committed by a person acting under the color
8  of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).
9  B.   Legal Claims
10      Plaintiff states that has been continually harassed by prison staff because he is a
11 transgender prisoner.  (Compl. Attach. at 1.)  Plaintiff alleges that he experienced a mental
12 breakdown due to the stress induced by the harassment and the fact that his father had
13 recently passed away.  (Id. at 3.)  At the end of the complaint, Plaintiff states that he received
14 a "bad hormoens [*sic*] shot" and has a "cyst on [his] ass cause the needle come a part [*sic*]"
15 when he received the shot.  (Id. at 4.)  Plaintiff alleges that he was on seizure medication that
16 was making him sick coupled with his hormone medication, but that medical officials did
17 nothing.  (Id.)  Plaintiff alleges that it took him from April 1, 2009 until February 16, 2010,
18 to see a hormone/transgender specialist to correct the seizure medication.  (Id.)
19      Liberally construed, Plaintiff's claims regarding the "bad shot" and the seizure
20 medication may be cognizable as violations of the Eighth Amendments if Plaintiff can allege
21 that medical officials acted with deliberate indifference to serious medical needs.  See Estelle
22 v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.
23 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136
24 (9th Cir. 1997) (en banc).  Here, Plaintiff has made no allegations that medical staff acted
25 with deliberate indifference because they knew that Plaintiff faced a substantial risk of
26 serious harm and disregarded that risk by failing to take reasonable steps to abate it.  See
27 Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Furthermore, Plaintiff has failed to identify
28 the individual defendants and their specific actions which caused him injury.  For example,

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.10\Williams01221_dwlta.wpd

1  Plaintiff alleges that R. N. Roosen was the individual who gave him the "bad shot." (Compl.
2  Attach. at 4.) However, Plaintiff does not identify her as a defendant in this action. (Compl.
3  at 2.) Furthermore, Plaintiff failed to identify who was responsible for failing to address his
4  needs with respect to the seizure medication on October 5, 2009. Lastly, it is unclear
5  whether Plaintiff wishes to pursue a claim against prison officials for the alleged harassment,
6  and if so, whether he has exhausted his administrative remedies with respect to this claim.
7  Accordingly, this action is DISMISSED with leave to amend to remedy these deficiencies.
8      In his amended complaint, Plaintiff must allege facts sufficient to state a claim against
9  each named defendant. Liability may be imposed on an individual defendant under 42
10 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation
11 of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris
12 v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a
13 constitutional right within the meaning of section 1983 if he does an affirmative act,
14 participates in another's affirmative act or omits to perform an act which he is legally
15 required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844
16 F.2d at 633. In filing an amended complaint, Plaintiff should bear in mind that he must "set
17 forth specific facts as to each individual defendant's" actions which he contends violated his
18 constitutional rights. Id. at 634.

**CONCLUSION**

21  For the reasons stated above, the Court orders as follows:

22  1.   This action is DISMISSED with leave to amend within **thirty (30) days** from
23 the date this order is filed to cure the deficiencies described above. The amended complaint
24 must include the caption and civil case number used in this order (10-01221 JF (PR)) and the
25 words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint
26 completely replaces the previous complaints, Plaintiff must include in his amended complaint
27 all the claims he wishes to present and all of the defendants he wishes to sue. See Ferdik v.
28 Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.10\Williams01221_dwlta.wpd

the prior complaint by reference.  **Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to Plaintiff.**

2. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall enclose two copies of the court's form complaint with a copy of this order to Plaintiff.

IT IS SO ORDERED.

DATED: 6/29/10

JEREMY FOGEL
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.10\Williams01221_dwlta.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY SHARIF WILLIAMS,

        Plaintiff,

  v.

PBSP, et al.,

        Defendants.
                                     /

Case Number: CV10-01221 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/19/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Sharif Williams T50858
Pelican Bay State Prison
P.O. Box 7500
Mof1 124 Low
Crescent City, CA 95532

Dated: 7/19/10

                                                        Richard W. Wieking, Clerk