IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY SHARIF WILLIAMS, | ) | No. C 10-1221 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| PELICAN BAY MEDICAL STAFF, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint against prison officials at Pelican Bay State Prison, pursuant to 42 U.S.C. § 1983.  For the reasons stated below, the Court dismisses the amended complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

1       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
2 claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
3 statement need only "'give the defendant fair notice of what the . . . claim is and the grounds
4 upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
5 Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
6 plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
7 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
8 do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."
9 *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A
10 complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*
11 at 1974.

12       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
13 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
14 the alleged violation was committed by a person acting under the color of state law. *See West v.*
15 *Atkins*, 487 U.S. 42, 48 (1988).

16 B.    <u>Legal Claims</u>

17       Initially, the Court dismissed Plaintiff's original complaint with leave to amend because
18 Plaintiff failed to sufficiently allege a constitutional violation, and failed to identify individual
19 Defendants, or explain how their specific actions caused him injury.  Plaintiff filed an amended
20 complaint, however, the amended complaint remains deficient.  While Plaintiff names individual
21 Defendants in his amended complaint, he does not provide factual allegations describing his
22 "entitlement to relief."

23       To the extent Plaintiff is attempting to raise a claim of deliberate indifference to serious
24 medical needs, Plaintiff is advised that it does violate the Eighth Amendment's proscription
25 against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976);
26 *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX*
27 *Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of
28 "deliberate indifference" involves an examination of two elements:  the seriousness of the

prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060. A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004).

Here, Plaintiff's allegations do not raise a right to relief above the speculative level. *See Twombly*, 127 S. Ct. at 1964-65. Thus far, at most, Plaintiff's claim is one of negligence. However, Plaintiff will be given one final opportunity to amend his amended complaint if he can do so in good faith. In his second amended complaint, Plaintiff must "set forth specific facts" regarding the seriousness of his injuries, and what Defendants did or did not do to violate his Eighth Amendment right to be free from cruel and unusual punishment. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

To the extent Plaintiff raises claims alleging the improper denials of his adminstrative appeals, those claim are DISMISSED with prejudice. There is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

To the extent Plaintiff raises claims regarding harassment or threats against him based on his sexual identity, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. Section 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997). Similarly, allegations of mere threats also are not cognizable under Section 1983. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Accordingly, those claims are DISMISSED with prejudice.

**CONCLUSION**

1. The amended complaint is DISMISSED with leave to amend.

2. Plaintiff shall file a SECOND AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above. The second amended complaint must include the caption and civil case number used in this order (C 10-1221 LHK (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days, and in accordance with this order will result in dismissal of this action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   9/29/11

*Lucy H. Koh*
LUCY H. KOH
United States District Judge