IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY SHARIF WILLIAMS, | ) | No. C 10-1221 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | |
| v. | ) | |
| | ) | |
| DR. M. SAYRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a second amended civil rights complaint against prison officials at Pelican Bay State Prison, pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court dismisses this action.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Order of Dismissal
P:\pro-se\sj.lhk\cr.10\Williams221dis

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
2  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
3  the alleged violation was committed by a person acting under the color of state law. *See West v.*
4  *Atkins*, 487 U.S. 42, 48 (1988).

5  B.  <u>Legal Claims</u>

6  On July 19, 2010, the Court dismissed Plaintiff's original complaint with leave to amend
7  because he failed to sufficiently allege a constitutional violation, and failed to identify individual
8  Defendants, or explain how their specific actions caused him injury.  The Court advised Plaintiff
9  about the deficiencies in his complaint, and directed him to file an amended complaint.  On July
10 30, 2010, Plaintiff filed an amended complaint.  However, the amended complaint was still
11 deficient.  Plaintiff failed provide factual allegations describing his "entitlement to relief."
12 Further, Plaintiff's claims amounted to no more than negligence.  On September 29, 2011, the
13 Court gave Plaintiff one final opportunity to amend his amended complaint to allege a federal
14 constitutional violation, if he could do so in good faith.

15 On October 17, 2011, Plaintiff filed a second amended complaint.  However, the second
16 amended complaint suffers from similar deficiencies as Plaintiff's previous complaints, and fails
17 to state a federal claim for relief.  Because Plaintiff has already been given two opportunities to
18 amend his complaint, the Court concludes that any further leave to amend would be futile.

19 **CONCLUSION**

20 Plaintiff's second amended complaint is DISMISSED without prejudice.  The Clerk shall
21 close the file.

22 IT IS SO ORDERED.
23 DATED:   12/20/11
              LUCY H. KOH
24            United States District Judge

Order of Dismissal
P:\pro-se\sj.lhk\cr.10\Williams221dis     2